## MIAMI. CONSOLIDATED TIRE CO v HEIER

Ohio Appeals, 1st Dist, Butler Co

No 666.  Decided Nov 7, 1935

Francis S. Beeler, Hamilton, for plaintiff in error.

Harry J. Koehler, Jr., Hamilton, for defendant in error.

340

it could rely on the presumption that it continued to own it, but when evidence was introduced tending to prove a transfer, an issue developed which was properly submitted to the jury.

As had already been stated, there was no issue relating to the corporate existence of the plaintiff. The answer only indirectly denied the corporate existence and the evidence conclusively proved that such a corporation had been organized, with the power to sue regardless of whether it had been subsequently dissolved. An immaterial issue should not have been raised and the jury confused by its submission to it for decision.

The issue raised by the pleadings and the evidence as to whether Wuille had assumed to act for the corporation or whether he had represented that he was acting on his own behalf and the defendant had dealt with him in his individual and not in a representative capacity under the name Miami Consolidated Tire Company was expressly withdrawn from the consideration of the jury and there has been no determination of it. If Wuille did not assume to act for another—the corporation—and the defendant did not intend to contract with anyone other than Wuille, the only contracting parties were Wuille and the defendant. There can be no question of either actual or apparent authority where the person acting does not assume to act for another. There could not be even a ratification under such circumstances. In 1 O. Jur., at 733 and 734, it is said:

"If the one who does the act neither has nor professes to have authority to represent another, the subsequent assent of such other to be bound has no operation."

See also: 21 R.C.L. 923. This issue was raised by the pleadings and the evidence and should have been submitted to the jury. If the jury had found on this issue that Wuille had not assumed to act for the plaintiff, the defendant would not be liable to it in this action based on contract, because no contract between the plaintiff and defendant had been entered into. That situation would raise entirely different legal rights and duties on the part of Wuille, the plaintiff and the defendant.

The answer to the special interrogatory was conditioned on a verdict for the defendant. The statute (§11420-17, GC) provides that the jury should answer special interrogatories "if they render a general verdict" and not merely if they find for one or the other of the litigants.

## OPINION

By MATTHEWS, J.

Upon the evidence, there was presented the issue of whether the plaintiff owned the chose sued upon at the time suit was filed and that issue was raised by the defendant's general denial. If the evidence showed plaintiff owned the claim originally

The interrogatory should not have been submitted with the qualification imposed. But it was submitted and the answer is entirely inconsistent with the general verdict. It could not be possible to render a judgment based on this answer, however, for the reason that the court erred in stating the issues to the jury, upon which the general verdict was rendered and this error was such as to affect the jury in answering the special interrogatory.

For these reasons, the judgment is reversed, and the cause remanded for a new trial in accordance with this opinion.

ROSS, PJ, and HAMILTON, J, concur.